

| | |
|---|---|
| 1 | RODERICK G. DORMAN (SBN 96908)<br>dormanr@hdlitigation.com |
| 2 | MIEKE K. MALMBERG (SBN 209992)<br>malmbergm@hdlitigation.com |
| 3 | HENNIGAN DORMAN LLP<br>865 South Figueroa Street, Suite 2900 |
| 4 | Los Angeles, California 90017<br>Telephone:   (213) 694-1200 |
| 5 | Facsimile:   (213) 694-1234 |
| 6 | EDGAR H. HAUG (*pro hac vice to be filed*)<br>ehaug@flhlaw.com |
| 7 | SANDRA KUZMICH, PH.D. (*pro hac vice to be filed*)<br>skuzmich@flhlaw.com |
| 8 | PORTER F. FLEMING (*pro hac vice to be filed*)<br>pfleming@flhlaw.com |
| 9 | ANGUS CHEN, PH.D. (*pro hac vice to be filed*)<br>achen@flhlaw.com |
| 10 | FROMMER LAWRENCE & HAUG, LLP<br>745 Fifth Avenue |
| 11 | New York, New York 10151<br>Telephone:   (212) 588-0800 |
| 12 | Facsimile:   (212) 588-0500 |
| 13 | Attorneys for Plaintiffs |
| 14 | SHIRE LLC and SHIRE DEVELOPMENT INC. |

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**EASTERN DIVISION**

| | |
|---|---|
| SHIRE LLC and SHIRE DEVELOPMENT INC.,<br><br>            Plaintiffs,<br><br>    vs.<br><br>WATSON LABORATORIES, INC.,<br><br>            Defendant. | Case No. CV 11 05565 AHM (DTBx)<br><br>**COMPLAINT FOR PATENT INFRINGEMENT** |

Case No.                                                    COMPLAINT FOR PATENT INFRINGEMENT

Plaintiffs Shire LLC and Shire Development Inc. (collectively "Shire"), by their undersigned attorneys, for their Complaint against defendant Watson Laboratories, Inc. ("Watson") herein, allege as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

2. This Court has personal jurisdiction over Watson. Watson has submitted to personal jurisdiction in this Court because, *inter alia*, it resides, and is doing business in this District.

3. Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b) and (c), and § 1400(b).

## NATURE OF THE ACTION

4. This is an action for patent infringement arising under the patent laws of the United States, Title 35, United States Code, involving United States Patent No. 7,105,486 ("the '486 patent") (attached as Exhibit A hereto); United States Patent No. 7,223,735 ("the '735 patent") (attached as Exhibit B hereto); and United States Patent No. 7,700,561 ("the '561 patent") (attached as Exhibit C hereto).

## THE PARTIES

5. Plaintiff Shire LLC is a corporation organized and existing under the laws of the State of Kentucky, having a place of business at 9200 Brookfield Court, Florence, Kentucky 41042.

6. Plaintiff Shire Development Inc. is a corporation organized and existing under the laws of the State of Delaware, having a place of business at 725 Chesterbrook Boulevard, Wayne, Pennsylvania 19087.

7. Upon information and belief, Watson Laboratories, Inc. is a corporation organized and existing under the laws of the State of Nevada, having its principal place of business in this District at 311 Bonnie Circle, Corona, California 92880.

## FACTS AS TO ALL COUNTS

8. Shire Development Inc. is the owner of New Drug Application ("NDA") No. 021977, which was approved by the FDA for the manufacture and sale of Vyvanse®. Vyvanse® is the trade name for lisdexamfetamine dimesylate, 20 mg, 30 mg, 40 mg, 50 mg, 60 mg, and 70 mg capsules for oral administration and is approved for the treatment of Attention Deficit Hyperactivity Disorder ("ADHD").

9. Pursuant to 21 U.S.C. § 355(b)(1), the '486 patent, the '735 patent, and the '561 patent ("the Patents-in-Suit") are listed in FDA's publication titled "Approved Drug Products with Therapeutic Equivalence Evaluations" (commonly known as the "*Orange Book*") as covering the Vyvanse® product.

10. Shire LLC has been assigned, and currently owns, the rights to each of the Patents-in-Suit.

11. The '486 patent, titled "Abuse-Resistant Amphetamine Compounds," was duly and legally issued on September 12, 2006. The '486 patent is generally directed to methods of treatment using L-lysine-d-amphetamine

12. The '735 patent, titled "Abuse Resistant Lysine Amphetamine Compounds," was duly and legally issued on May 29, 2007. The '735 patent is generally directed to pharmaceutical compositions comprising L-lysine-d-amphetamine.

13. The '561 patent, titled "Abuse-Resistant Amphetamine Prodrugs" was duly and legally issued on April 20, 2010. The '561 patent is generally directed to compositions comprising L-lysine-d-amphetamine.

14. Watson prepared, submitted, and filed Abbreviated New Drug Application ("ANDA") No. 202818 ("the Watson ANDA") to the FDA under § 505(j) of the Federal Food, Drug, and Cosmetic Act ("FDCA") (codified at 21 U.S.C. § 355(j)) seeking approval to engage in the commercial manufacture, use, sale, offer for sale and/or importation of generic lisdexamfetamine dimesylate capsules, 20 mg, 30 mg, 40 mg, 50 mg, 60 mg, and 70 mg, for oral administration ("the Watson Proposed

Product").

15. Watson sent a letter to Shire LLC, Shire Development Inc., Shire Pharmaceuticals Inc., and Shire US Inc. purporting to provide notification that the Watson ANDA contains certifications under 21 U.S.C. § 355(j)(2)(A)(vii)(IV) (a "paragraph IV certification") with regard to the '486 patent, the '735 patent, and the '561 patent ("the Watson Notice Letter").

16. 21 U.S.C. § 355(j)(2)(B)(iv)(II) requires that a letter notifying a patent holder of the filing of an ANDA containing a paragraph IV certification "include a detailed statement of the factual and legal basis of the opinion of the applicant that the patent is invalid or will not be infringed." Likewise, 21 C.F.R. § 314.95(c)(6) requires a paragraph IV notification to include "[a] detailed statement of the factual and legal basis of applicant's opinion that the patent is not valid, unenforceable, or will not be infringed." The detailed statement is to include "(i) [f]or each claim of a patent alleged not to be infringed, a full and detailed explanation of why the claim is not infringed" and "(ii) [f]or each claim of a patent alleged to be invalid or unenforceable, a full and detailed explanation of the grounds supporting the allegation." 21 C.F.R. §§ 314.95(c)(6)(i)-(ii).

17. The Watson Notice Letter does not assert non-infringement for each and every claim of each and every patent for which Watson has made a paragraph IV certification.

18. The Watson Notice Letter does not provide a full and detailed explanation of Watson's factual and legal basis of invalidity and/or unenforceability for each and every claim of each and every patent for which Watson has made a paragraph IV certification.

19. The Watson Notice Letter does not address United States Patent No. 7,655,630 ("the '630 patent"); United States Patent No. 7,659,253 ("the '253 patent"); U.S. Patent No. 7,659,254 ("the '254 patent"); United States Patent No. 7,662,787 ("the '787 patent"); United States Patent No. 7,671,030 ("the '030 patent"); United

-3-

Case No.            COMPLAINT FOR PATENT INFRINGEMENT

States Patent No. 7,671,031 ("the '031 patent"); United States Patent No. 7,674,774 ("the '774 patent"); United States Patent No. 7,678,770 ("the '770 patent"); United States Patent No. 7,678,771 ("the '771 patent"); United States Patent No. 7,687,466 ("the '466 patent"); United States Patent No. 7,687,467 ("the '467 patent"); United States Patent No. 7,718,619 ("the '619 patent"); and United States Patent No. 7,723,305 ("the '305 patent"), each also listed in the Orange Book for Vyvanse®.

20.  On information and belief, Watson made certifications under 21 U.S.C. § 355(j)(2)(A)(vii)(III) ("a paragraph III certification") for the '630 patent, the '253 patent, the '254 patent, the '787 patent, the '030 patent, the '031 patent, the '774 patent, the '770 patent, the '771 patent, the '466 patent, the '467 patent, the '619 patent, and the '305 patent.

21.  On information and belief, Watson does not seek approval of the Watson ANDA before the expiration of the '630 patent, the '253 patent, the '254 patent, the '787 patent, the '030 patent, the '031 patent, the '774 patent, the '770 patent, the '771 patent, the '466 patent, the '467 patent, the '619 patent, and the '305 patent.

22.  Pursuant to 21 U.S.C. § 355(j)(5)(C)(i)(III), the Watson Notice Letter contained an Offer of Confidential Access to the Watson ANDA. Shire requested a copy of the Watson ANDA and samples of the Watson Proposed Product from Watson. Watson has not produced the Watson ANDA or any samples of Watson Proposed Product.

### FIRST COUNT

### (Infringement of the '486 Patent by Watson)

23.  Shire repeats and realleges each of the foregoing paragraphs as if fully set forth herein.

24.  Upon information and belief, Watson seeks FDA approval for the manufacture, marketing, sale, and/or distribution of the Watson Proposed Product.

25.  Upon information and belief, Watson included a paragraph IV certification to the '486 patent to obtain approval to engage in the commercial

1 manufacture, use, sale, offer for sale and/or importation of the Watson Proposed Product before the expiration of the '486 patent.

26. Upon information and belief, Watson will commercially manufacture, sell, offer for sale, and/or import the Watson Proposed Product upon FDA approval.

27. Upon information and belief, as of the date of the Watson Notice Letter, Watson was aware of the statutory provisions and regulations set forth in 21 U.S.C. § 355(j)(2)(B)(iv)(II) and 21 C.F.R. § 314.95(c)(6).

28. The inclusion of a paragraph IV certification to the '486 patent in ANDA No. 202818 for the purpose of obtaining approval to engage in the commercial manufacture, use, sale, offer for sale and/or importation of the Watson Proposed Product before the expiration of the '486 patent is an act of infringement by Watson of one or more claims of the '486 patent under 35 U.S.C. § 271(e)(2)(A) directly and/or indirectly, including by inducement and/or contributory infringement.

29. Upon information and belief, Watson's commercial manufacture, use, sale, offer for sale and/or importation into the United States of the Watson Proposed Product that is the subject of ANDA No. 202818 will infringe one or more claims of the '486 patent under 35 U.S.C. § 271(a), 35 U.S.C. § 271(b), and/or 35 U.S.C. § 271(c).

30. Upon information and belief, Watson is aware of the existence of the '486 patent and acted without a reasonable basis for believing that it would not be liable for infringement of the '486 patent, thus rendering this case "exceptional" under 35 U.S.C. § 285.

31. The acts of infringement set forth above will cause Shire irreparable harm for which it has no adequate remedy at law, unless Watson is preliminarily and permanently enjoined by this Court.

## SECOND COUNT

**(Infringement of the '735 Patent by Watson)**

32. Shire repeats and realleges each of the foregoing paragraphs as if fully

1 set forth herein.

2     33. Upon information and belief, Watson seeks FDA approval for the manufacture, marketing, sale, and/or distribution of the Watson Proposed Product.

    34. Upon information and belief, Watson included a paragraph IV certification to the '735 patent to obtain approval to engage in the commercial manufacture, use, sale, offer for sale and/or importation of the Watson Proposed Product before the expiration of the '735 patent.

    35. Upon information and belief, Watson will commercially manufacture, sell, offer for sale, and/or import the Watson Proposed Product upon FDA approval.

    36. Upon information and belief, as of the date of the Watson Notice Letter, Watson was aware of the statutory provisions and regulations set forth in 21 U.S.C. § 355(j)(2)(B)(iv)(II) and 21 C.F.R. § 314.95(c)(6).

    37. The inclusion of a paragraph IV certification to the '735 patent in ANDA No. 202818 for the purpose of obtaining approval to engage in the commercial manufacture, use, sale, offer for sale and/or importation of the Watson Proposed Product before the expiration of the '735 patent is an act of infringement by Watson of one or more claims of the '735 patent under 35 U.S.C. § 271(e)(2)(A) directly and/or indirectly, including by inducement and/or contributory infringement.

    38. Upon information and belief, Watson's commercial manufacture, use, sale, offer for sale and/or importation into the United States of the Watson Proposed Product that is the subject of ANDA No. 202818 will infringe one or more claims of the '735 patent under 35 U.S.C. § 271(a), 35 U.S.C. § 271(b), and/or 35 U.S.C. § 271(c).

    39. Upon information and belief, Watson is aware of the existence of the '735 patent and acted without a reasonable basis for believing that it would not be liable for infringement of the '735 patent, thus rendering this case "exceptional" under 35 U.S.C. § 285.

    40. The acts of infringement set forth above will cause Shire irreparable

harm for which it has no adequate remedy at law, unless Watson is preliminarily and permanently enjoined by this Court.

### THIRD COUNT

### (Infringement of the '561 Patent by Watson)

41.  Shire repeats and realleges each of the foregoing paragraphs as if fully set forth herein.

42.  Upon information and belief, Watson seeks FDA approval for the manufacture, marketing, sale, and/or distribution of the Watson Proposed Product.

43.  Upon information and belief, Watson included a paragraph IV certification to the '561 patent to obtain approval to engage in the commercial manufacture, use, sale, offer for sale and/or importation of the Watson Proposed Product before the expiration of the '561 patent.

44.  Upon information and belief, Watson will commercially manufacture, sell, offer for sale, and/or import the Watson Proposed Product upon FDA approval.

45.  Upon information and belief, as of the date of the Watson Notice Letter, Watson was aware of the statutory provisions and regulations set forth in 21 U.S.C. § 355(j)(2)(B)(iv)(II) and 21 C.F.R. § 314.95(c)(6).

46.  The inclusion of a paragraph IV certification to the '561 patent in ANDA No. 202818 for the purpose of obtaining approval to engage in the commercial manufacture, use, sale, offer for sale and/or importation of the Watson Proposed Product before the expiration of the '561 patent is an act of infringement by Watson of one or more claims of the '561 patent under 35 U.S.C. § 271(e)(2)(A) directly and/or indirectly, including by inducement and/or contributory infringement.

47.  Upon information and belief, Watson's commercial manufacture, use, sale, offer for sale and/or importation into the United States of the Watson Proposed Product that is the subject of ANDA No. 202818 will infringe one or more claims of the '561 patent, under 35 U.S.C. § 271(a), 35 U.S.C. § 271(b), and/or 35 U.S.C. § 271(c).

48. Upon information and belief, Watson is aware of the existence of the '561 patent and acted without a reasonable basis for believing that it would not be liable for infringement of the '561 patent, thus rendering this case "exceptional" under 35 U.S.C. § 285.

49. The acts of infringement set forth above will cause Shire irreparable harm for which it has no adequate remedy at law, unless Watson is preliminarily and permanently enjoined by this Court.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request the following relief:

1. A judgment declaring that the '486 patent is valid and enforceable;

2. A judgment declaring that, pursuant to 35 U.S.C. § 271(e)(2)(A), the submission to the FDA and filing of ANDA No. 202818 with a paragraph IV certification to obtain approval for the commercial manufacture, use, sale, offer for sale and/or importation in the United States of the product that is the subject of ANDA No. 202818 was an act of infringement of the '486 patent by Watson directly and/or indirectly, including by inducement and/or contributory infringement;

3. A judgment declaring that, pursuant to 35 U.S.C. § 271(a), 35 U.S.C. § 271(b), and/or 35 U.S.C. § 271(c), the commercial manufacture, use, sale, offer for sale and/or importation in the United States of the product that is the subject of ANDA No. 202818 prior to the expiration of the '486 patent, including any regulatory extensions, will constitute an act of infringement by Watson directly and/or indirectly, including by inducement and/or contributory infringement;

4. An order that, pursuant to 35 U.S.C. § 271(e)(4)(A), the effective date of any approval of the product that is the subject of ANDA No. 202818 shall be no earlier than the date on which the '486 patent expires including any regulatory extensions;

5. A judgment pursuant to 35 U.S.C. § 271(e)(4)(B) preliminarily and permanently enjoining Watson and their officers, agents, servants, employees and

1  attorneys, and those persons in active concert or participation or privity with them or
2  any of them, from engaging in the commercial manufacture, use, sale, offer to sale
3  and/or importation in the United States of the product that is the subject of ANDA No.
4  202818 until the expiration of the '486 patent including any regulatory extensions;

5      6.    A judgment awarding Shire damages or other monetary relief, pursuant
6  to 35 U.S.C. §§ 271(e)(4)(C) and 284, if Watson commercially manufactures, uses,
7  sells, offers to sell and/or imports any product that is the subject of ANDA No.
8  202818 that infringes the '486 patent;

9      7.    A judgment declaring that infringement of the '486 patent is willful if
10 Watson commercially manufactures, uses, sells, offers to sell and/or imports any
11 product that is the subject of ANDA No. 202818 that infringes the '486 patent;

12     8.    A judgment declaring that the '735 patent is valid and enforceable;

13     9.    A judgment declaring that, pursuant to 35 U.S.C. § 271(e)(2)(A), the
14 submission to the FDA and filing of ANDA No. 202818 with a paragraph IV
15 certification to obtain approval for the commercial manufacture, use, sale, offer for
16 sale and/or importation in the United States of the product that is the subject of
17 ANDA No. 202818 was an act of infringement of the '735 patent by Watson directly
18 and/or indirectly, including by inducement and/or contributory infringement;

19     10.   A judgment declaring that, pursuant to 35 U.S.C. § 271(a), 35 U.S.C. §
20 271(b), and/or 35 U.S.C. § 271(c), the commercial manufacture, use, sale, offer for
21 sale and/or importation in the United States of the product that is the subject of
22 ANDA No. 202818 prior to the expiration of the '735 patent, including any regulatory
23 extensions, will constitute an act of infringement by Watson directly and/or indirectly,
24 including by inducement and/or contributory infringement;

25     11.   An order that, pursuant to 35 U.S.C. § 271(e)(4)(A), the effective date of
26 any approval of the product that is the subject of ANDA No. 202818 shall be no
27 earlier than the date on which the '735 patent expires including any regulatory
28 extensions;

Case No.                                                   COMPLAINT FOR PATENT INFRINGEMENT

12.  A judgment pursuant to 35 U.S.C. § 271(e)(4)(B) preliminarily and permanently enjoining Watson and their officers, agents, servants, employees and attorneys, and those persons in active concert or participation or privity with them or any of them, from engaging in the commercial manufacture, use, sale, offer to sale and/or importation in the United States of the product that is the subject of ANDA No. 202818 until the expiration of the '735 patent including any regulatory extensions;

13.  A judgment awarding Shire damages or other monetary relief, pursuant to 35 U.S.C. §§ 271(e)(4)(C) and 284, if Watson commercially manufactures, uses, sells, offers to sell and/or imports any product that is the subject of ANDA No. 202818 that infringes the '735 patent;

14.  A judgment declaring that infringement of the '735 patent is willful if Watson commercially manufactures, uses, sells, offers to sell and/or imports any product that is the subject of ANDA No. 202818 that infringes the '735 patent;

15.  A judgment declaring that the '561 patent is valid and enforceable;

16.  A judgment declaring that, pursuant to 35 U.S.C. § 271(e)(2)(A), the submission to the FDA and filing of ANDA No. 202818 with a paragraph IV certification to obtain approval for the commercial manufacture, use, sale, offer for sale and/or importation in the United States of the product that is the subject of ANDA No. 202818 was an act of infringement of the '561 patent by Watson directly and/or indirectly, including by inducement and/or contributory infringement;

17.  A judgment declaring that, pursuant to 35 U.S.C. § 271(a), 35 U.S.C. § 271(b), and/or 35 U.S.C. § 271(c), the commercial manufacture, use, sale, offer for sale and/or importation in the United States of the product that is the subject of ANDA No. 202818 prior to the expiration of the '561 patent, including any regulatory extensions, will constitute an act of infringement by Watson directly and/or indirectly, including by inducement and/or contributory infringement;

18.  An order that, pursuant to 35 U.S.C. § 271(e)(4)(A), the effective date of any approval of the product that is the subject of ANDA No. 202818 shall be no

-10-

Case No.                                                 COMPLAINT FOR PATENT INFRINGEMENT

earlier than the date on which the '561 patent expires including any regulatory extensions;

19. A judgment pursuant to 35 U.S.C. § 271(e)(4)(B) preliminarily and permanently enjoining Watson and their officers, agents, servants, employees and attorneys, and those persons in active concert or participation or privity with them or any of them, from engaging in the commercial manufacture, use, sale, offer to sale and/or importation in the United States of the product that is the subject of ANDA No. 202818 until the expiration of the '561 patent including any regulatory extensions;

20. A judgment awarding Shire damages or other monetary relief, pursuant to 35 U.S.C. §§ 271(e)(4)(C) and 284, if Watson commercially manufactures, uses, sells, offers to sell and/or imports any product that is the subject of ANDA No. 202818 that infringes the '561 patent;

21. A judgment declaring that infringement of the '561 patent is willful if Watson commercially manufactures, uses, sells, offers to sell and/or imports any product that is the subject of ANDA No. 202818 that infringes the '561 patent;

22. A judgment declaring that, pursuant to 35 U.S.C. § 285, this is an exceptional case and awarding Shire its attorneys' fees and costs;

23. Such other and further relief as this Court may deem just and proper.

DATED: July 6, 2011

HENNIGAN DORMAN LLP
FROMMER LAWRENCE & HAUG LLP

By: _____
Mieke K. Malmberg

Attorneys for Plaintiffs SHIRE LLC and
SHIRE DEVELOPMENT INC.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY**

This case has been assigned to District Judge A. Howard Matz and the assigned discovery Magistrate Judge is David T. Bristow.

The case number on all documents filed with the Court should read as follows:

### CV11- 5565 AHM (DTBx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

================================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [X] Western Division | [ ] Southern Division | [ ] Eastern Division |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

---

CV-18 (03/06)   NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

# UNITED STATES DISTRICT COURT

Central District of California

SHIRE LLC; *and* SHIRE DEVELOPMENT INC.,

**SUMMONS IN A CIVIL CASE**

V.

WATSON LABORATORIES, INC.,

CASE NUMBER: CV 11-05565 AHM (DTBx)

TO: (Name and address of Defendant)
WATSON LABORATORIES, INC.
311 Bonnie Circle
Corona, California 92888

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

Roderick G. Dorman (SBN 96908)
Mieke K. Malmberg (SBN 209992)
865 S. Figueroa Street, Suite 2900
Los Angeles, CA 90017
Tel: (213) 694-1200
Fax: (213) 694-1234

an answer to the complaint which is served on you with this summons, within _____twenty-one (21)_____ days after service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

TERRY NAFISI

JUL -6 2011

CLERK

L. MURRAY

DATE

(By) DEPUTY CLERK

2002 © American LegalNet, Inc.

AO 440 (Rev. 8/01) Summons in a Civil Action

| RETURN OF SERVICE | |
|---|---|
| Service of the Summons and complaint was made by me[(1)] | DATE |
| NAME OF SERVER (PRINT) | TITLE |

*Check one box below to indicate appropriate method of service*

☐ Served personally upon the defendant. Place where _____

_____

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

Name of person with whom the summons and complaint were _____

☐ Returned _____

_____

_____

☐ Other (specify): _____

_____

_____

| STATEMENT OF SERVICE FEES | | |
|---|---|---|
| TRAVEL | SERVICES | TOTAL |

**DECLARATION OF SERVER**

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____    _____
            Date                          Signature of Server

                                         _____
                                         Address of Server

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

2002 © American LegalNet, Inc.

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
SHIRE LLC
SHIRE DEVELOPMENT INC.

**DEFENDANTS**
WATSON LABORATORIES, INC.

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
Roderick G. Dorman (SBN 96908)
Mieke K. Malmberg (SBN 209992)
Hennigan Dorman LLP
865 S. Figueroa Street, Suite 2900
Los Angeles, CA 90017
213-694-1200

**Attorneys (If Known)**

**II. BASIS OF JURISDICTION** (Place an X in one box only.)
- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify):
- ☐ 6 Multi-District Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☐ Yes ☒ No (Check 'Yes' only if demanded in complaint.)
**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☒ No    ☒ **MONEY DEMANDED IN COMPLAINT: $** TBD at trial

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
35 U.S.C §§1 et. seq. - patent infringement

**VII. NATURE OF SUIT** (Place an X in one box only.)

OTHER STATUTES
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce/ICC Rates/etc.
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Act
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Info. Act
- ☐ 900 Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes

CONTRACT
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

REAL PROPERTY
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

TORTS PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Fed. Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Personal Injury-Med Malpractice
- ☐ 365 Personal Injury-Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

IMMIGRATION
- ☐ 462 Naturalization Application
- ☐ 463 Habeas Corpus-Alien Detainee
- ☐ 465 Other Immigration Actions

TORTS PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

BANKRUPTCY
- ☐ 22 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

CIVIL RIGHTS
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/Accommodations
- ☐ 444 Welfare
- ☐ 445 American with Disabilities – Employment
- ☐ 446 American with Disabilities – Other
- ☐ 440 Other Civil Rights

PRISONER PETITIONS
- ☐ 510 Motions to Vacate Sentence Habeas Corpus
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus/ Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

FORFEITURE / PENALTY
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R.R.& Truck
- ☐ 650 Airline Regs
- ☐ 660 Occupational Safety /Health
- ☐ 690 Other

LABOR
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt. Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

PROPERTY RIGHTS
- ☐ 820 Copyrights
- ☒ 830 Patent
- ☐ 840 Trademark

SOCIAL SECURITY
- ☐ 61 HIA(1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW 405(g)
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

FEDERAL TAX SUITS
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS-Third Party 26 USC 7609

**FOR OFFICE USE ONLY:** Case Number: CV 11 - 05565 AHM (DTBx)

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

JUL -6 2011

CV-71 (05/08)         CIVIL COVER SHEET         American LegalNet, Inc.    Page 1 of 2
                                                www.FormsWorkflow.com

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☒ No ☐ Yes
If yes, list case number(s):

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☒ No ☐ Yes
If yes, list case number(s):

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply) ☐ A. Arise from the same or closely related transactions, happenings, or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
|  | SHIRE LLC - Kentucky<br>SHIRE DEVELOPMENT INC. - Pennsylvania |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| WATSON LABORATORIES, INC. - County of Riverside |  |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
 **Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| All claims arose in the County of Riverside |  |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): *[signature]* Date July 6, 2011
Mieke K. Malmberg

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

American LegalNet, Inc.
www.FormsWorkflow.com

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
| --- | --- | --- |
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |